IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| Pedro Hernandez Macin | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| Toreros XI, Inc. d/b/a Torero's Mexican Restaurant, Narcisco Baldovinos, AND Miguel Gomez | ) ) ) | Civil Action No.: 5:10-cv-112 |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

1. This is an individual action by a former employee against a closely held, for-profit incorporated restaurant business and its owners, officers, and/or operators pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25 *et seq*.

2. This action is brought under the FLSA and NCWHA for the defendants' failure to pay wages at the overtime wage rate and/or minimum wage rate as well as wages for all hours worked when they were due as required by and/or described in 29 U.S.C. §§ 206 and/or 207 and/or N.C. Gen. Stat. §§ 95-25.3, 95-25.4 and/or 95-25.6.

3. Based upon his claims under 29 U.S.C. §§ 206 and/or 207 of the FLSA or, in the alternative, under N.C. Gen. Stat. §§ 95-25.3 and 95-25.4 and under N.C. Gen. Stat. §

-1-

95-25.6 of the NCWHA, the plaintiff seeks payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. § 216(b) and N.C. Gen. Stat. §§ 95-25.22(a), (a1), and (d).

## JURISDICTION

4. The Court has federal question jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 216 *et seq.*, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). The plaintiff resides in Wayne County, North Carolina, one of the counties listed in 28 U.S.C. § 113(a).

7. Upon information and belief, the principal place of business for defendant Torero's Inc., was in one or more of the counties listed in 28 U.S.C. § 113(a).

8. At the time this action was filed, the defendants regularly conducted a substantial amount of their restaurant business within the geographic area that is described in 28 U.S.C. § 113(a). In addition, a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in Wayne County during his employment by the defendants in Wayne County.

## PLAINTIFF

9. At all times relevant and material herein, Plaintiff Pedro Hernandez Macin (hereinafter "Macin") is a former employee of the defendants in Wayne County, North Carolina, and currently resides in Wayne County, North Carolina.

10. Macin was employed by the defendants from in or about 2004 to in or around September 2009.

## DEFENDANTS

11. Upon information and belief and at all times relevant and material herein, defendant Toreros XI, Inc. (hereinafter "Toreros") was and is a closely-held, for profit, corporation organized under the laws of the state of North Carolina for the purpose, among others, of providing a substantial amount of its restaurant business in and around Wayne County and other counties listed in 28 U.S.C. § 113(a) located in North Carolina.

12. Upon information and belief and at all times relevant and material herein, defendants Narcisco Baldovinos and Miguel Gomez (hereinafter "Torero's management") owned, controlled, and/or operated Toreros.

13. Upon information and belief and at all times relevant and material herein, the defendants have been an employer and have jointly and severally employed the plaintiff within the meaning 29 U.S.C. §§ 203(d) and 203(g) and N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(5) to provide services in the defendants' restaurant business.

14. Upon information and belief and at all times relevant and material herein, one or more of the Torero's management was or were the day-to-day manager(s) and/or operator(s) of Toreros, with respect to Toreros employment of the plaintiff.

15. Upon information and belief and at all times relevant and material herein, the Torero's management, acting on behalf of Toreros, possessed and exercised the power and authority to direct, control and/or supervise the work performed by the plaintiff at the Toreros location located in Wayne County, North Carolina, other counties among those listed in 28 U.S.C. § 113(a), and/or other counties in North Carolina for the defendants.

16. Upon information and belief and at all times relevant and material herein, the Torero's management, acting on behalf of Toreros, had the right and exercised the right to determine the rate and method of payment for those wages that Toreros paid to the plaintiff, and had the right and exercised the right to direct, control, or supervise the work of the plaintiff for Toreros.

17. Upon information and belief, at the time this action was filed the agent for service of process on Toreros registered with the North Carolina Secretary of State was Terry J. Carlton, 1951 Clark Ave., Raleigh, NC 27605.

**FACTUAL ALLEGATIONS**

18. Upon information and belief and at all times relevant and material herein, the work that the plaintiff performed for the defendants occurred when the defendants employed the plaintiff in interstate commerce and/or the production of goods for interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. Upon information and belief, in 2006, 2007, 2008 and 2009 Toreros had annual gross volume of sales made or business done in each of those same years of not less than $500,000.00 (exclusive of excise taxes at the retail level that were separately stated).

20. Upon information and belief and at all times relevant and material herein, the defendants did not file in a timely manner with any federal or state agency the forms necessary to pay federal or state unemployment (FUTA) or Federal Insurance Contribution Act ("FICA"), 26 U.S.C. §§3101 et seq., social security taxes, or federal or state taxes on wages paid to the plaintiff, or did not pay all of those taxes when they were due.

21. Upon information and belief and at all times relevant and material herein, the defendants employed the plaintiff within the meaning of N.C. Gen. Stat. § 95-25.2(3) and 29 U.S.C. §§203(d) and 203(m) in its restaurant business in and around Wayne County, North Carolina.

22. Upon information and belief, in or about September 2009, the defendants' employment of the plaintiff ended.

23. Upon information and belief and at all times relevant and material herein, the defendants did not pay the plaintiff wages at the rate described in and/or required by 29 U.S.C. § 206(a) and N.C. Gen. Stat. § 95-25.3 when those wages were due on the regular payday of the plaintiff, for all of the hours worked.

24. Upon information and belief and at all times relevant and material herein, the plaintiff performed work in excess of forty (40) hours in the same workweek for a substantial number, if not all, of weeks worked by him for the defendants.

-5-

25. Upon information and belief and at all times relevant and material herein, the defendants did not pay the plaintiff at the rate described in and/or required by 29 U.S.C. § 207(a)(1) and/or N.C. Gen. Stat. § 95-25.4 when those wages were due on the regular payday of the plaintiff for all of the hours worked.

26. Upon information and belief and at all times relevant and material herein, the plaintiff had an express, implied, and/or constructive agreement with one or more of the defendants that one or more of the defendants would compensate him at predetermined amounts of wages and/or compensation constituting all or part of his compensation and/or rate of pay required by and/or described in federal and/or state law for any hours worked that the plaintiff performed for one or more of the defendants.

27. The defendants did not comply with the express, implied, and/or constructive agreement described in ¶26 above, and by failing to comply, have failed to pay the plaintiff all of the wages that the plaintiff was due when those wages were due in violation of N.C. Gen. Stat. § 95-25.6.

28. Upon information and belief, on the date that the employment of the plaintiff by the defendants terminated, as described in ¶22 above, the defendants failed to provide payment of all wages due to all separated employees on or before the next regular payday in violation of N.C. Gen. Stat. § 95-25.7.

29. Upon information and belief, the defendants did not maintain accurate records as to the number of hours that the plaintiff worked for one or more of the defendants in the manner described in and/or required by 29 U.S.C. § 211(c), N.C. Gen. Stat. § 95-25.15, and

the regulations promulgated by the U.S. Department of Labor and the North Carolina Department of Labor under the FLSA and/or NCWHA.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### Failure to Properly Pay Minimum Wage Compensation

30. The plaintiff realleges and incorporates by reference ¶¶1-25 and 29 as if fully set forth herein against all defendants.

31. The plaintiff is a covered employee entitled to the FLSA's protection.

32. The defendants are covered employers required to comply with the FLSA's mandates.

33. The FLSA, 29 U.S.C. § 206(a), requires that all covered employees be compensated for every hour worked in a workweek and that they receive a federal minimum wage for work performed.

34. The defendants willfully violated 29 U.S.C. § 206(a) by failing to compensate the plaintiff at a rate equal to the federal minimum wage for work performed while employed by the defendants during the time period described in ¶10 above.

35. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, the plaintiff incurred general damages in the form of lost minimum wages.

36. The defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause and in bad faith, failed to pay the plaintiff proper wages, and thus the defendants are liable to the plaintiff for liquidated damages in an amount equal to lost minimum wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

-7-

Case 5:10-cv-00112-D   Document 1   Filed 03/22/10   Page 7 of 16

37. The plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### Failure to Properly Pay Overtime Wage Compensation

38. The plaintiff realleges and incorporates by reference ¶¶1-25 and 29 as if fully set forth herein against all defendants.

39. The plaintiff is a covered employee entitled to the FLSA's protection.

40. The defendants are covered employers required to comply with the FLSA's mandates.

41. The FLSA, 29 U.S.C. § 207(a)(1), requires that all covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in a workweek, unless specifically exempted by the law.

42. Although the plaintiff was not so exempt during employment with the defendants, the defendants knowingly caused and permitted the plaintiff to work over forty (40) hours in a workweek without paying the plaintiff one and one half of the plaintiff's regular rate of pay for the work performed during the time period described in ¶10 above.

43. By not paying overtime wages in compliance with the FLSA, the defendants violated the plaintiff's rights under the FLSA.

44. As a direct and proximate result of the defendants' failure to pay proper wages under the FLSA, the plaintiff incurred general damages in the form of lost overtime wages.

45. The defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause and in bad faith, failed to pay the plaintiff's proper wages, and thus the defendants are liable to the plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

46. The plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THIRD CAUSE OF ACTION
**Violation of the North Carolina Wage and Hour Act**
**Failure to Properly Pay Minimum Wage Compensation**

47. The plaintiff realleges and incorporates by reference ¶¶1-17, 20-25 and 29 as though fully set forth herein against all defendants.

48. The plaintiff is a covered employee entitled to the NCWHA's protection.

49. The defendants are covered employers required to comply with the NCWHA's mandates.

50. The NCWHA, N.C. Gen. Stat. § 95-25.3, requires all employees to be paid a state minimum wage for work performed.

51. The defendants willfully violated N.C. Gen. Stat. § 95-25.3 by failing to compensate the plaintiff at a rate equal to the state minimum wage for work performed while employed by the defendants during the time period described in ¶10 above.

52. As a direct and proximate result of the defendants' failure to pay proper wages under the NCWHA, the plaintiff incurred general damages in the form of lost minimum wages.

53. The defendants intentionally, with reckless disregard for their responsibilities under the NCWHA, and without good cause and in bad faith, failed to pay the plaintiff proper wages, and thus the defendants are liable to the plaintiff for liquidated damages in an amount equal to lost minimum wages, as well as interest on all back wages due at the rate provided by N.C. Gen. Stat. § 24-1, pursuant to N.C. Gen. Stat. §§ 95-25.22(a) and 95-25.22(a1) of the NCWHA.

54. The plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. §§ 95-25.22(d) of the NCWHA.

### FOURTH CAUSE OF ACTION
**Violation of the North Carolina Wage and Hour Act**
**Failure to Properly Pay Overtime Wage Compensation**

55. The plaintiff realleges and incorporates by reference ¶¶1-17, 20-25 and 29 as if fully set forth herein against all defendants.

56. The plaintiff is a covered employee entitled to the NCWHA's protection.

-10-

57. The defendants are covered employers required to comply with the NCWHA's mandates.

58. The NCWHA, N.C. Gen. Stat. § 95-25.4, requires all employees to be paid overtime for work performed in excess of forty (40) hours per week, unless specifically exempted by the law.

59. Although the plaintiff was not so exempt during employment with the defendants, the defendants knowingly caused and permitted the plaintiff to work in excess of forty (40) hours per week without paying the plaintiff one and one half of the plaintiff's regular rate of pay for the work performed during the time period described in ¶10 above.

60. By not paying overtime wages in compliance with the NCWHA, the defendants violated the plaintiff's rights under the NCWHA.

61. As a direct and proximate result of the defendants' failure to pay proper wages under the NCWHA, the plaintiff incurred general damages in the form of lost overtime wages.

62. The defendants intentionally, with reckless disregard for their responsibilities under the NCWHA, and without good cause and in bad faith, failed to pay the plaintiff's proper wages, and thus the defendants are liable to the plaintiff for liquidated damages in an amount equal to lost overtime wages, as well as interest on all back overtime wages due at the rate provided by N.C. Gen. Stat. § 24-1, pursuant to N.C. Gen. Stat. §§ 95-25.22(a) and 95-25.22(a1) of the NCWHA.

63. The plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. §§ 95-25.22(d) of the NCWHA.

## FIFTH CAUSE OF ACTION
### Violation of the North Carolina Wage and Hour Act
### Failure to Pay Wages When Due

64. The plaintiff realleges and incorporates by reference ¶¶1-17, 26-27 and 29 as though fully set forth herein against all defendants.

65. The plaintiff is a covered employee entitled to the NCWHA's protection.

66. The defendants are covered employers required to comply with the NCWHA's mandates.

67. The NCWHA, N.C. Gen. Stat. § 95.25.6, requires that every employer pay every employee all wages due on the regular payday.

68. As a result of the defendants' failure to comply with the express, implied and/or constructive agreement described in ¶¶26-27 above, the defendants willfully violated N.C. Gen. Stat. § 95-25.6 by failing to pay all wages due when those wages were due to the plaintiff for the work performed during the time period described in ¶10 above.

69. As a direct and proximate result of the defendants' failure to pay wages when those wages were due as required and/or described by the NCWHA, N.C. Gen. Stat. § 95-25.6, the plaintiff incurred general damages in the form of lost wages.

70. The defendants intentionally, with reckless disregard for their responsibilities under the NCWHA, and without good cause and in bad faith, failed to pay the plaintiff

proper wages, and thus the defendants are liable to the plaintiff for liquidated damages in an amount equal to lost wages, as well as interest on all back wages due at the rate provided by N.C. Gen. Stat. § 24-1, pursuant to N.C. Gen. Stat. §§ 95-25.22(a) and 95-25.22(a1) of the NCWHA.

71. The plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. §§ 95-25.22(d) of the NCWHA.

## SIXTH CAUSE OF ACTION
### Violation of the North Carolina Wage and Hour Act
### Failure to Pay Separated Employees

72. The plaintiff realleges and incorporates by reference ¶¶1-17, 22, 28- 29 as though fully set forth herein against all defendants.

73. The plaintiff is a covered employee entitled to the NCWHA's protection.

74. The defendants are covered employers required to comply with the NCWHA's mandates.

75. The NCWHA, N.C. Gen. Stat. § 95.25.7, requires that every employer pay every employee whose employment is discontinued for any reason all wages due on or before the next regular payday.

76. The defendants willfully violated N.C. Gen. Stat. § 95-25.7 by failing to pay all wages due to the plaintiff when the plaintiff's employment was discontinued for the work performed during the time period described in ¶22 above.

-13-

Case 5:10-cv-00112-D   Document 1   Filed 03/22/10   Page 13 of 16

77. As a direct and proximate result of the defendants' failure to pay wages when those wages were due as required and/or described by the NCWHA, N.C. Gen. Stat. § 95-25.7, the plaintiff incurred general damages in the form of lost wages.

78. The defendants intentionally, with reckless disregard for their responsibilities under the NCWHA, and without good cause and in bad faith, failed to pay the plaintiff's proper wages, and thus the defendants are liable to the plaintiff for liquidated damages in an amount equal to lost wages, as well as interest on all back wages due at the rate provided by N.C. Gen. Stat. § 24-1, pursuant to N.C. Gen. Stat. §§ 95-25.22(a) and 95-25.22(a1) of the NCWHA.

79. The plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. §§ 95-25.22(d) of the NCWHA.

## PRAYER FOR RELIEF

WHEREFORE the plaintiff prays for relief as follows:

(a) A jury trial on all issues so triable;

(b) Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wage and/or overtime and other injuries as provided by the FLSA and the NCWHA;

(c) Liquidated damages for the plaintiff for all hours worked, as provided by the FLSA and the NCWHA;

(d) Interest on all back wages due under the NCWHA at the rate provided by

N.C. Gen. Stat. § 24-1 pursuant to N.C. Gen. Stat. § 95-25.22(a);

    (e)    Reasonable attorneys' fees and costs of suit, as provided by the FLSA and the NCWHA;

    (f)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this 22d day of March, 2010.

> BY: /s/ Joel T. Alexander
> Joel T. Alexander
> Attorney for the Plaintiff
> Law Office of Joel T. Alexander
> P.O. Box 1430
> Pittsboro, NC 27312
> jta@joeltalexander.com
> Tel: (919) 542-9805
> Fax: (919) 869-1902
> N.C. State Bar No. 33793

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| PEDRO HERNANDEZ MACIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOREROS XI, INC., NARCISCO | ) |
| BALDOVINOS, AND MIGUEL GOMEZ | ) |
| | ) |
| Defendants. | ) |

**CONSENT TO SUE**

I hereby consent to be a plaintiff in this Fair Labor Standards Act and/or North Carolina Wage and Hour case. I consent to the bringing of any claims I may have under the Fair Labor Standards Act and/or North Carolina Wage and Hour (for unpaid overtime, liquidated damages, unpaid wages, attorney's fees, costs and other relief) against the defendants.

I authorize the Law Office of Joel T. Alexander, its successors and assigns, to represent me in this case. By signing this consent to sue, I understand that, if accepted for representation, I will be represented by the Law Office of Joel T. Alexander without prepayment of costs or attorney's fees. I understand that the Law Office of Joel T. Alexander may petition the court for an award of fees and costs to be paid by defendants on my behalf.

Date: 10-12-09

Signature: *Pedro Hernandez Macin*

Name: *Pedro Hernandez Macin*